# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT, | CASE NO. 1:10-cv-00822-SKO PC |
| Plaintiff, | ORDER DISMISSING DUE PROCESS AND SECTION 845.6 CLAIMS WITH PREJUDICE, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND EIGHTH AMENDMENT MEDICAL CARE CLAIM |
| v. | |
| JACK ST. CLAIR, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

## Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Ester Burnett, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on May 3, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Plaintiff's Complaint

### A.     Summary of Allegations

Plaintiff, who is currently incarcerated at High Desert State Prison in Susanville, brings this action against Chief Medical Officer Jack St. Clair, Warden Clay, and John Doe for violating his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution while he was at the Sierra Conservation Center in Jamestown. Plaintiff also alleges a claim for violation of California Government Code section 845.6.

On February 6, 2007, Plaintiff was seen by an outside physician for an evaluation of chronic lower back pain radiating to his lower right extremity. (Doc. 1, Comp., court record p. 16.) The physician, Dr. Bai, recommended an epidural steroid injection in light of the fact that Plaintiff had tried conservative treatment without significant improvement. (Id., p. 17.) Plaintiff was scheduled for a lumbar epidural injection on June 7, 2007, but he ended up attending a classification hearing instead. (Id., p. 25.) Plaintiff was then transferred to Centinela State Prison on June 28, 2007, without having received the recommended injection. (Id.)

///

**B.     Eighth Amendment Medical Care Claim**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Although Plaintiff blames Defendants St. Clair and Clay for the cancellation of his appointment on June 7, 2007, Plaintiff's more specific allegations and his exhibits make it clear that Plaintiff does not know who cancelled the appointment. It is unclear if Defendant Clay had *any* personal involvement in the events at issue here, and neither Defendant St. Clair nor Defendant Clay may be held liable under section 1983 simply because they hold positions of authority within the prison. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

Plaintiff's exhibits indicate that on April 6, 2007, Defendant St. Clair signed a chrono placing a transfer hold on Plaintiff effective April 5, 2007, through August 4, 2007, because the Medical Advisory Review Committee approved the recommended steroid injection, and on May 29, 2007, Defendant St. Clair notified Plaintiff that he should stop several medications in preparation for the upcoming procedure. (Comp., p. 37.) In addition, Defendant St. Clair addressed Plaintiff's inmate appeal on December 1, 2007, when Plaintiff was already at Centinela State Prison. (Id., pp. 34-36.) However, Defendant's involvement in these events provides no basis for the imposition of liability under section 1983, as the events do not suggest that Defendant was deliberately indifferent to Plaintiff's medical needs.

Finally, Defendant Doe is apparently the staff member responsible for cancelling Plaintiff's scheduled injection appointment so that he could attend his classification hearing – a hearing which

1  Plaintiff alleges could easily have been scheduled for another time. The interference with scheduled
2  medical treatment to the detriment of Plaintiff's health may support an Eighth Amendment claim,
3  but "[d]eliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this
4  standard, the prison official must not only 'be aware of the facts from which the inference could be
5  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"
6  Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the
7  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the
8  risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).
9      Plaintiff's complaint sets forth no specific facts supporting a claim that Defendant Doe acted
10 with deliberate indifference. The circumstances surrounding the cancellation of the appointment are
11 either not known or not alleged. It is not clear that Defendant Doe committed *any* misconduct, let
12 alone that he or she *intentionally* disregarded a substantial risk of harm to Plaintiff. Absent the
13 presentation of facts sufficient to support a plausible claim of deliberate indifference, Plaintiff may
14 not proceed against Defendant Doe based on the cancellation of the appointment.

15     **C.   Due Process Claim**

16     The touchstone of due process is protection of the individual against arbitrary government
17 action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of
18 power without any reasonable justification in the service of a legitimate governmental objective.
19 County of Sacramento v. Lewis, 523 U.S. 833, 845-46, 118 S.Ct. 1708 (1998) (quotation marks and
20 citations omitted). However, the concept of substantive due process is expanded only reluctantly and
21 therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must
22 be analyzed under the standard appropriate to that specific provision, not under the rubric of
23 substantive due process. County of Sacramento, 523 U.S. at 843 (quotation marks and citation
24 omitted). Because Plaintiff's medical needs are subject to protection under the Eighth Amendment,
25 he is precluded from pursuing a due process claim. This deficiency cannot be cured through
26 amendment and the claim shall be dismissed, with prejudice.

27 ///

28 ///

**D.     Section 845.6 Claim**

Finally, Plaintiff alleges a claim for relief pursuant to section 845.6 of the California Government Code, which provides that prison personnel have a duty to summon medical care, and they may be held liable if they know or have reason to know that a prisoner is in need of immediate medical care, but they fail to take reasonable action to summon such care.[1]  Cal. Gov't Code § 845.6 (West 2011); Lucas v. County of Los Angeles, 47 Cal.App.4th 277, 288 (Cal. Ct. App. 1996); Watson v. State, 21 Cal.App.4th 836, 841 (Cal. Ct. App. 1993); Zeilman v. County of Kern, 168 Cal.App.3d 1174, 1185-86 (Cal. Ct. App. 1985).  To state a claim for violation of section 845.6, the plaintiff "must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care."  Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006).  "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal.App.4th at 841 (citations omitted), and the "section does not impose a duty to monitor the quality of care provided," Jett, 439 F.3d at 1099.

The failure to schedule Plaintiff for a steroid injection for his chronic back condition does not support a section 845.6 claim.  The statute applies to immediate medical needs and while Plaintiff's condition caused him pain and merited medical treatment, it was a chronic condition rather than one requiring that medical attention be immediately summoned.  The deficiencies in this claim are not capable of being cured through amendment and it shall be dismissed from the action, with prejudice.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted.  Plaintiff's due process and section 845.6 claims will be dismissed with prejudice, and Plaintiff will be provided with the opportunity to file an amended complaint curing the deficiencies in his Eighth Amendment

---

[1] Plaintiff did file and exhaust a claim with the California Victim Compensation and Government Claims Board, which is a condition precedent to pursuit of his state law claim.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

medical care claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's due process claim and section 845.6 claim are dismissed from this action, with prejudice, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Plaintiff's complaint, filed May 3, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies in his Eighth Amendment medical care claim; and

///
///
///
///
///

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 12, 2011**                                    /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE